UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYTANION D. ELEY, SR., | No. 2:13-cv-2459 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SUPERIOR COURT OF STOCKTON,[1] | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). The court will not at this time require payment of the filing fee or a declaration that makes the showing required by § 1915(a) because it appears that petitioner's claim is not exhausted.

Petitioner challenges his June 18, 2013 conviction for petty theft with a prior, a charge to

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989)." Stanley, supra, at 360. Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper respondent.

1

1 which he pled guilty and for which he evidently received a sentence of "up to two years."

2 Petition at 2-3.  The sole basis for relief petitioner has identified is that the "charges are

3 fraudulent." Id. at 3.  He indicates that his efforts to appeal or to exhaust any claim have not

4 proceeded beyond the Third District Court of Appeal. Id. at 6.

5       The exhaustion of state court remedies is a prerequisite to the granting of a petition for

6 writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

7 explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion may not be

8 implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest

9 state court with a full and fair opportunity to consider all claims before presenting them to the

10 federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083,

11 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

12       The court finds that petitioner has failed to exhaust state court remedies.  The claim or

13 claims have not been presented to the California Supreme Court.  Further, there is no allegation

14 that state court remedies are no longer available to petitioner.  Accordingly, the petition should be

15 dismissed without prejudice.[3]

16       Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court:

17       1.  Make a random assignment of a district judge to this case; and

18       2.  Serve a copy of these findings and recommendations together with a copy of the

19 petition filed in the instant case on the Attorney General of the State of California; and

20       IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be

21 dismissed for failure to exhaust state remedies.

22       These findings and recommendations will be submitted to the United States District Judge

23

---

[2] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 4, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3